UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

D'ANNA WELSH,

    Plaintiff,

v.                                      Case No:  2:21-cv-396-JLB-NPM

WILLIAM V. MARTINEZ,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Amended Motion for Summary Judgment as to Counts Two, Three, Four and Five.  (Doc. 87).  Defendant filed an opposition to the Motion (Doc. 97) and Plaintiff filed a reply (Doc. 102).

### BACKGROUND[1]

The Court recited the background of this case in great detail in its previous summary judgment order.  (*See* Doc 84 at 1–11).  The Court incorporates that background by reference into this Order.  Additionally, in its previous order on summary judgment, the Court directed the Magistrate Judge to hold an evidentiary hearing as to whether Defendant has the present ability to pay the $25,000 monthly fine first ordered via contempt order in November 2017 and subsequently repeated and ordered by the Connecticut court on February 19, 2020 and August 14, 2020.  (*See* Doc. 58-1 at 4, 53, 56, 73–76, 117; Doc. 84 at 18).  The evidentiary hearing was

---

[1] Capitalized terms not defined herein have the definition ascribed to them in the Court's previous summary judgment order.  (Doc. 84).

1

held on August 22, 2023. (*See* Doc. 95). Whether Defendant has the ability to pay is an issue still pending before the Court.

## LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018).

An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if under the applicable law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).

## DISCUSSION

I. <u>Standard for enforcing foreign orders.</u>

Article IV, section 1 of the U.S. Constitution provides: "Full faith and credit shall be given in each State to the public acts, records, and judicial proceeding of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be provided, and the effect thereof."

And 28 U.S.C. § 1738 provides, in pertinent part:

> The records and judicial proceedings of any court of any . . . State . . . shall be proved or admitted in other courts within the United States . . . by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such . . . judicial proceedings . . . so authenticated, shall have the same full faith and credit in every court within the United States.

Florida's Enforcement of Foreign Judgments Act (FEFJA) allows a creditor to domesticate a "foreign judgment" without filing a lawsuit. *Welsh v. Martinez*, 350 So.3d 811, 813 (Fla. 2d DCA 2022) (citing *Fazzini v. Davis*, 98 So.3d 98, 102 (Fla. 2d DCA 2012)). "Foreign judgment" is defined as "a judgment decree, or order of a court of any other state . . . if such judgment, decree, or order is entitled to full faith and credit in this state." *Id.* (citing Fla. Stat. § 55.502(1)). "When a foreign judgment is domesticated, it becomes enforceable as a Florida judgment." *Fazzini*, 98 So. 3d at 102.

Orders that are "nonfinal and modifiable," however, are not entitled to full faith and credit. *Welsh*, 350 So. 2d at 813 (citing *West v. West*, 301 So.2d 823, 826–27 (Fla. 2d DCA 1974)). This Court determines the finality of these orders under the laws of the foreign state of Connecticut. *Id.* (citing *Turner v. Temple*, 625 So. 2d 101, 101 (Fla. 2d DCA 1993)).

II.   <u>Whether the August 14, 2020 Order is enforceable in Florida.</u>

Count Two requests enforcement and contempt for violation of the August 14, 2020 order which, among other things, directed Defendant to pay Plaintiff $25,000

by September 15, 2020 and by the fifteenth of each month." (Doc. 1 at ¶¶ 84–97; Doc. 87-1 at 86; Doc. 85 at 5; Doc. 58-1 at 86).

In determining whether the December 23, 2020 Order was enforceable, the Florida District Court of Appeals found that section 52-400d, Connecticut General Statutes, was determinative on the issue of finality. *Welsh v. Martinez*, 350 So.3d 811, 814 (Fla. 2d DCA 2022). Section 52-400d(a) provides: "Any court decision on a determination of interest in property under section 52-356c, or on an exemption claim, <u>or on a contempt proceeding</u>, or on any stay ordered pursuant to an installment payment order, <u>shall be a final decision for the purpose of appeal</u>." *Id.* (citing Conn. Gen. Stat. § 52-400d(a)) (emphasis added). Although it appears that the August 14, 2020 order did not specifically find Defendant in contempt, the court found that "[t]here is no dispute that the defendant has not made a monthly payment since August, 2019" and directed Defendant to make further payments. Accordingly, the Court finds that the August 14, 2020 order is a court decision on a contempt proceeding under section 52-400d(a).

Moreover, "Connecticut courts recognize contempt proceedings as separate distinct proceedings." *Id.* (citing *Pease v. Charlotte Hungerford Hosp.*, 325 Conn. 363 (2017)). Accordingly, to the extent that the *State v. Curcio*, 463 A.2d 566 (1983) test applies here, the August 14, 2020 order "terminates a separate distinct proceeding." *See Curcio*, 463 A.2d at 569. Notably, Defendant does not dispute that the August 14, 2020 order is a court decision on a contempt proceeding. Instead, Defendant argues that the August 14, 2020 order is unenforceable because "there is

4

a material dispute of fact preventing the Court from enforcing" it. (Doc. 97 at 19–27). Whether Defendant can pay the fine is a genuine issue of material fact (as evidenced by the Court's ordering an evidentiary hearing on this issue), but it is not a genuine issue of material fact preventing summary judgment on the issue of enforceability. As the Court found in its previous summary judgment order, the fact that a court can later modify this order does not make it a nonfinal order under Connecticut law. (*See* Doc. 84 at 13–14 (citing *Welsh*, 350 So.3d at 814)); *see also Khan v. Hillyer*, 306 Conn. 205, 49 A.3d 995, 1001–02 (2012) (where defendant claimed that contempt order was not final, court stated that "a civil contempt order requiring the contemnor to incur a cost or take specific action . . . constitutes an appealable final judgment").

Thus, summary judgment as to Count Two is granted in part only to the extent that the Court will grant full faith and credit to the August 14, 2020 order and otherwise denied in part without prejudice. Plaintiff may request that the Court take specific action to enforce the August 14, 2020 order via separate motion <u>after</u> the Court determines whether Defendant has the present ability to pay the fine.

   III.   <u>Whether the Second Asset Disclosure Order, entered on June 24, 2013, is enforceable in Florida.</u>

Count Three requests enforcement and contempt for violation of the Second Asset Disclosure Order. (Doc. 1 at ¶¶ 98–106). Defendant "does not dispute the enforceability [of the Second Asset Disclosure Order] or his requirement to provide Plaintiff with quarterly asset disclosures. (Doc. 97 at 27). But Plaintiff requests

5

that the Court order payment of her reasonable attorneys' fees and costs incurred in compelling Defendant's compliance (Doc. 87 at 23), which Defendant opposes.

First, the Court finds that the Second Asset Disclosure Order is enforceable. Connecticut General Statute section 52-278*l* provides that "[a]n order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g shall be deemed a final judgment for purposes of appeal."  Conn. Gen. Stat. Ann. § 52-278*l*.  Section 52-278a(d) defines "prejudgment remedy" as "any remedy or combination of remedies that enables a person by way of attachment . . . to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment . . . ."  Conn. Gen. Stat. Ann. § 52-278a(d).  Section 52-278d(a) provides that the defendant shall have the right to appear and be heard at a hearing as to, among other things, "whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff . . . ."

The Second Asset Disclosure Order stated that the court, "having found probable cause sufficient for the granting of Plaintiff's Prejudgment Remedy . . . hereby orders that . . . Defendant William J. Martinez, Jr. shall disclose in writing . . ." a variety of information about his assets, wages, and debts.  (Doc. 58-1 at 78–79). Connecticut General Statute section 52-278n allows the Court to order an appearing

defendant to disclose certain property. *See Conn. Gen. Stat. Ann.* § 52-278n ("The court may, on motion of a party, order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy."). Section 52-278n exists under Chapter 903a, which is entitled "Prejudgment Remedies." Moreover, courts in Connecticut have found that "court orders . . . for disclosure of assets are fundamentally related to, and dependent upon, **other** prejudgment remedies such as attachments or garnishments." *Foisie v. Foisie*, KNLCV176028794S, 2017 WL 6029523, at *2 (Conn. Super. Ct. Nov. 9, 2017) (emphasis added). The use of "other" implies that the disclosure of assets is as much a prejudgment remedy as an attachment or a garnishment. Considering the plain language of the statute and the way it has been interpreted by Connecticut courts, the Court finds that the Second Asset Disclosure Order is an order granting "a prejudgment remedy following a hearing under section 52-278d" and thus is a final order for purposes of appeal that is entitled to full faith and credit. *See also St. Germain v. Ross*, No. KNLCV095010223S, 2013 WL 4357896, at *2 (Conn. Super. Ct. July 24, 2014) ("The court perceives no basis in logic to find that the legislature intended to treat orders for disclosure of assets to satisfy prejudgment remedies differently from the orders of prejudgment remedies themselves for purposes of appeal.").

      The Court also finds that it is undisputed that Defendant failed to provide quarterly asset and financial disclosures from August 20, 2020 to August 19, 2021. (Doc. 87 at 8; Doc. 97 at 10). But Plaintiff's request for enforcement, which the

7

Court can only assume is a request for a contempt finding because the Complaint requests a contempt finding, and for attorney's fees are unsupported by any non-conclusory argument or case law.  (*See* Doc. 87 at 23; Doc. 1 at ¶¶ 105–06).  The Court declines to make this argument for Plaintiff.

Accordingly, summary judgment as to Count Three is granted in part only to the extent that the Court will grant full faith and credit to the Second Asset Disclosure Order and otherwise denied in part without prejudice.  Plaintiff may seek a contempt finding or attorney's fees in connection with such a finding by separate motion.

IV. <u>Whether the Asset Standstill Order, entered on July 9, 2012, is enforceable in Florida.</u>

Count Four requests enforcement and contempt for violation of the Asset Standstill Order.  (Doc. 1 at ¶¶ 107–18).  Defendant "does not dispute the validity and enforceability" of the Asset Standstill Order, but claims that he has not violated the Asset Standstill Order and thus should not be held in contempt.  (Doc. 97 at 28).

First, the Court finds that the Asset Standstill Order is enforceable.  The Asset Standstill Order, entitled "ORDER REGARDING . . . NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY / HEARING" stated that Defendant was "enjoined from voluntarily transferring or encumbering any assets except business assets in the ordinary course of business and personal assets for ordinary living expenses, including court ordered alimony and child support." (Doc. 1 at 69; Doc. 58-1 at 440–41).  Although Plaintiff provided no case law indicating whether an order enjoining transfer or encumberment of assets is a final

8

order under Connecticut General Statute section 52-278*l* and the Court was unable to locate any case law on the topic, it appears that such injunction is a "prejudgment remedy" as defined by Connecticut's statutory scheme because it affects the use of Defendant's property. *See* Conn. Gen. Stat. § 52-278a(d) ("'Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession, or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order."). Moreover, the Appellate Court of Connecticut indicated that the Court held a hearing on the motion that led to the Asset Standstill Order. *Welsh v. Martinez*, 191 Conn. App. 862, 866–87 (Conn. 2019) ("[T]he court . . . held a hearing on the [Plaintiff's Motion to Prevent Defendant's Fraudulent Transfer of Property] [and] at its conclusion, the court entered [the Asset Standstill Order]."). Thus, the Court finds that the Asset Standstill Order is an order granting "a prejudgment remedy following a hearing under section 52-278d" and therefore is a final order that is entitled to full faith and credit.

Plaintiff does not specifically request a contempt finding in her motion, but any such implied request (given the request for a contempt finding in the Complaint) is unsupported by argument or case law. (Doc. 87 at 24; Doc. 1 at ¶¶ 117–18). The Court declines to make Plaintiff's argument for her. Accordingly, Plaintiff's motion for summary judgment on Count Four is granted solely to the extent that the Court will grant full faith and credit to the Second Asset Disclosure

9

Order and otherwise denied in part without prejudice. Should Plaintiff wish to seek a contempt finding with respect to the Asset Standstill Order, Plaintiff may do so by separate motion.

V. <u>Whether the April 23, 2013 Interest Order is enforceable in Florida.</u>

Count Five requests enforcement of an April 13, 2013 order that awarded interest at the rate of 3.5% per annum effective as of December 25, 2012. (Doc. 1 at ¶¶ 29, 119–27). Defendant does not dispute that the April 23, 2013 interest order is enforceable but argues that it does not provide Plaintiff with a separate and distinct right to request counsel fees. (Doc. 97 at 31–32). It appears that in Connecticut, an order awarding or denying postjudgment interest is a final order for purposes of appeal. *See Carrano v. Yale-New Haven Hosp.*, 963 A.2d 1117, 1119 (Conn. App. Ct. 2009) ("The sole issue on appeal is whether the court abused its discretion in failing to award the plaintiff postjudgment interest . . . ."). Accordingly, the April 13, 2013 order awarding postjudgment interest is a final order and entitled to full faith and credit.

Plaintiff does not cite any authority for the Complaint's request for attorney's fees on Count Five (Doc. 1 at ¶ 127) and does not reply to Defendant's argument that the Court should not grant summary judgment with respect to counsel fees. (*See* Doc. 102). The Court generally notes that "unless there exists statutory or contractual provisions to the contrary, litigants must pay their own attorney's fees." *Lewis v. Fed. Prison Indus.*, 953 F.2d 1277, 1281 (11th Cir. 1992). Although there are other exceptions to the rule that parties must pay their own attorney's fees,

10

Plaintiff has made no arguments with respect to any such exceptions and thus the Court has no arguments to consider.

Accordingly, Plaintiff's motion for summary judgment on Count Five is granted solely to the extent that the Court will grant full faith and credit to the April 13, 2013 interest order and otherwise denied without prejudice. Should Plaintiff wish to seek attorney's fees, she may do so by separate motion.

## CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. 87) is **GRANTED in part** and **DENIED in part** as set forth above.

**ORDERED** at Fort Myers, Florida on October 31, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE